# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH MANNING,

    *Plaintiff*,

vs.

STATE OF NEVADA, *et al.*,

    *Defendants*.

2:13-cv-00681-APG-VCF

**O R D E R**

Plaintiff, a Nevada state inmate, has filed an application (#1) to proceed *in forma pauperis* seeking to initiate a civil rights action.

The pauper application is incomplete. Both (a) a financial certificate on the required form properly completed and executed by an authorized institutional officer and (b) a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff, a frequent litigator in this district, did not comply with these requirements. He attached a financial certificate for a state court form, which is not sufficient. He further did not attach a copy of his inmate trust fund account statement.

Plaintiff further failed to comply with multiple prior orders of this Court regarding his having accrued three or more "strikes" for purposes of 28 U.S.C. § 1915(g). For example, in No. 3:06-cv-00421-RCJ-VPC, the Court found that plaintiff had accrued three or more strikes; and the Court ordered:

> IT FURTHER IS ORDERED that if plaintiff, while incarcerated, seeks to proceed *in forma pauperis* in any future cases in federal court, he shall attach a copy of this order to the

>application or shall plainly inform the Court in such application that he has been held subject to the restrictions of 28 U.S.C. § 1915(g).  Failure to do so may result in the denial of the application and dismissal of the new action without prejudice for failure to comply with the order of this Court.

No. 3:06-cv-00421-RCJ-VPC, #3, at 2-3.  Plaintiff did not attach a copy of a prior such order, of which there are multiple examples.  Nor did he plainly inform the Court in the pauper application that he has been held subject to the restrictions of § 1915(g).  This noncompliance with the prior orders of the Court provides an additional basis for a dismissal without prejudice of this in any event improperly-commenced action.

If plaintiff continues to fail to comply with the multiple orders of this Court requiring that he so advise the Court of his § 1915(g) status, the Court may find plaintiff in contempt of court and refer the matter to correctional authorities for consideration of imposition of sanctions for institutional major violation MJ48.[1]

It does not appear from review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action would lead to a promptly-filed new action being untimely under the applicable two-year statute of limitations.  The complaint alleges that the alleged constitutional violations occurred on May 27, 2012.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (#1) is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new complaint on the required form in a new action together with either a new pauper application with all required, and new, attachments or payment of the $350.00 filing fee.

The Clerk of Court shall SEND plaintiff a copy of the papers that he filed along with the complaint and pauper forms and instructions for both forms.

////

////

---

[1] Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court.  Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: April 26, 2013

_____
ANDREW P. GORDON
United States District Judge